# UNITED STATES DISTRICT COURT
for the
**Eastern District of Kentucky**
**Lexington Division**

| | |
|---|---|
| Larry Johnson<br>*Plaintiff* | ) |
| v. | ) Case No. |
| Portfolio Recovery Associates, LLC<br>*Defendant*<br>Serve:<br>Corporation Service Company<br>2711 Centerville Road<br>Suite 400<br>Wilmington, DE 19808 | ) |

## COMPLAINT and DEMAND FOR JURY TRIAL

* * * * *

### INTRODUCTION

1. This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA").

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

### PARTIES

3. Plaintiff Larry Johnson is a natural person who resides in Madison County, Ky. Mr. Johnson is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Defendant Portfolio Recovery Associates, LLC ("PRA") is a limited liability company which has registered with the Kentucky Secretary of State, and the principal purpose of whose business is the purchase and collection of defaulted debts, operating a debt collection agency with its principal place of business located at 120 Corporate Blvd., Norfolk, VA 23502.

5. PRA regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6). PRA is also a furnisher of information within the meaning of the FCRA.

## RELEVANT FACTS

6. On July 29, 2015, Defendant Portfolio Recovery Associates, LLC ("PRA") filed suit against Plaintiff Larry Johnson in the Madison District Court Case No. 15-C-00875.

7. A true and accurate copy of PRA's complaint is attached as Exhibit "A."

8. PRA brought the lawsuit to collect a charged-off debt originated by Synchrony Bank as a Meijer-Branded charge card.

9. The Meijer charge card was used to incur debt for personal, family, and household purposes, which makes the debt at issue in the Madison District Court case a "debt" within the meaning of the FDCPA.

10. Mr. Johnson by counsel filed a timely answer to PRA's complaint.

11. A true and accurate copy of Mr. Johnson's answer is attached as Exhibit "B."

12. On August 28, 2015, PRA served discovery responses on Mr. Johnson's counsel.

13. PRA's discovery requests included Requests for Admission ("RFA's").

14. Mr. Johnson's counsel received PRA's discovery requests on September 1, 2015.

15. Counsel conferred with Mr. Johnson and prepared responses to PRA's RFA's.

16. Counsel both mailed and emailed the RFA responses to PRA's counsel on September 4, 2015.

17. A true and accurate email string documenting the emails between Mr. Johnson's counsel and PRA's counsel concerning PRA's RFA's in Madison District Court Case No. 15-C-00875 is attached as Exhibit "C."

18. PRA's counsel acknowledged receiving Mr. Johnson's RFA responses.

19. In an email dated August 12, 2016, PRA's counsel wrote, in reference to Madison District Court Case No. 15-C-00875:

To: James Hays Lawson <james@kyclc.com>

Mr Lawson:

Your answers to our interrogatories have not been received as of today. I will reiterate our offer of settlement of $475 payable to PRA.

Please advise.

Beth Albright
Counsel for PRA
(757) 618-6469

Sent from my iPad

20. On July 15, 2016, PRA moved for summary judgment, which PRA noticed to be heard on August 4, 2016.

21. PRA did not send a copy of the summary judgment motion to Mr. Johnson's counsel.

22. After counsel discovered the pending motion, counsel sent PRA's counsel an email on July 28, 2016 asking PRA to remand the motion and to provide counsel with a copy of the summary judgment motion.

23. PRA remanded its July 15, 2016 summary judgment motion.

24. On August 9, 2016, PRA refiled its motion for summary judgment.

25. A true and accurate copy of PRA's August 9th summary judgment motion is attached as Exhibit "D," which includes a copy of its discovery requests.

26. PRA's sole basis for moving for summary judgment was the demonstrably false assertion that PRA was entitled to summary judgment because Mr. Johnson had failed to respond to PRA's RFA's.

27. PRA's RFA's improperly asked Mr. Johnson to admit facts that he expressly denied in his answer.

28. In particular, the RFA's asked as follows:

**6. That the Defendant is indebted to the Plaintiff in the amount of $934.55 representing the balance due and owing for charges made by the Defendant or others authorized by the Defendant to make such charges on the subject account plus interest, attorneys fees and costs of this action as stated in the Plaintiff's complaint.**

**ADMIT ________ DENY ________**

29. In his answer, Mr. Johnson expressly denied that he was indebted to PRA.

30. In his response to RFA #6—which was both mailed and emailed to PRA's counsel—Mr. Johnson denied that he was indebted to PRA.

31. In addition to asking Mr. Johnson to admit to a fact that he expressly denied in his answer, Request for Admission No. 6 asked Mr. Johnson to admit to a fact that PRA could not reasonably believe that Mr. Johnson would or could know, *i.e.* whether PRA owned the debt at issue and that Mr. Johnson was indebted to PRA.

32. Consequently, Request for Admission No. 6 was a blatant misuse of request for admissions under Kentucky law. *McGiboney v. Bd. of Ed. of Middlesboro*, 387 S.W.2d 869, 872 (Ky. 1965) (citing *Driver v. Gindy Mfg. Corp*., 24 F.R.D. 473 (E.D. Pa. 1959)) (holding that request for admissions under CR 36.01 "may not be employed as a substitute for discovery or for eliciting evidence").

33. PRA violated the FDCPA by **(i)** falsely representing to the Madison District Court that Mr. Johnson had not responded to PRA's RFA's, when in fact Mr. Johnson had responded to the RFA's; **(ii)** attempting to collect a debt through a means that it could not legally take to collect the debt, *i.e.* moving for summary judgment based on the false allegation that Mr. Johnson had not responded to its RFA's; **(iv)** misusing requests for admissions as a discovery device or as a means to elicit evidence; **(iv)** unfairly serving requests for admissions that asked Mr. Johnson to admit to facts that he expressly denied in his answer; and **(v)** moving for summary judgment using improper request for admissions as a basis for the court to grant judgment in its favor.

## Claims for Relief: Violations of the FDCPA

34. The foregoing acts and omissions of Portfolio Recovery Associates, LLC constitute violations of the FDCPA, including, but not limited to violations of multiple subsections of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Larry Johnson requests that the Court grant him the following relief:

1. Award Plaintiff actual damages;

2. Award Plaintiff maximum statutory damages under 15 U.S.C. § 1692k against each Defendant;

3. Award Plaintiff reasonable attorney's fees and costs;

4. A trial by jury; and

5. Such other relief as may be just and proper.

Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:  (502) 473-6525
Fax:  (502) 473-6561
james@kyconsumerlaw.com